IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cr-236-RAH |
| | ) | |
| CASSIME DION LINGO | ) | |

# **ORDER**

On September 29, 2025, the Magistrate Judge recommended that Defendant Cassime Dion Lingo's Motion to Compel Production of Discoverable Materials (Doc. 18) should be denied. On October 14, 2025, Defendant Lingo filed Objections (Doc. 34) to the Recommendation (Doc. 33).

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3). De novo review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). Even so, objections to a magistrate judge's report and recommendation must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is

reviewed for clear error. *Id.* And when a party chooses to raise an argument for the first time at the objection phase, rather than allowing the Magistrate Judge to consider it for report and recommendation, it is within the district court's discretion whether to consider those arguments. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *United States v. Holstick*, 810 F. App'x 732, 735 (11th Cir. 2020) (discussing in a motion to suppress context a district court's broad discretion whether to consider an argument first raised at the objection phase and after the magistrate judge submitted the report and recommendation). A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See United States v. Gomez*, 759 F. Supp. 3d 1311, 1315–16 (S.D. Fla. 2024).

The Defendant objects to the Magistrate Judge's reliance on the three-way *Rovario* test. He argues that *Roviario v. United States*, 353 U.S. 53 (1957), does not apply because he did not seek disclosure of the confidential informant, he believes a redacted version of the video evidence would protect the informant's identify, and the Court did not examine the evidence to consider whether disclosure would endanger the informant.

As discussed by the Magistrate Judge, a criminal defendant seeking disclosure of confidential-informant evidence must establish that the discoverable materials are "relevant and helpful to the defense of an accused." *Roviaro v. United States*, 353

U.S. at 60–61. The Court weighs materiality against the Government's broader right to withhold disclosure based on protecting informant identities. The Eleventh Circuit has set forth three factors for courts to consider when applying the *Roviaro* balancing test: "the extent of the [confidential informant's] participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the [confidential informant], and the government's interest in nondisclosure." *United States v. Booker*, 131 F. App'x 234, 240 (11th Cir. 2005 (quoting *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991)).

This Court has reviewed the video recordings *in camera.* The identify of the informant is easily gleaned from the informant's verbal mannerisms, the date of the transactions, and other specific identifying characteristics, especially when coupled with the defendant's presence during controlled buys. A redacted video would not protect the identify of the informant and its disclosure could place this individual in danger.

The Court agrees with the Magistrate Judge that the *Roviaro* factors weigh against disclosure of the video recordings. In this case, the individual did not play a significant role in the criminal activity at issue, there is no expectation that the informant will testify in the Government's case-in-chief, and the Government maintains a strong interest in confidentiality.

Accordingly, it is

ORDERED as follows:

1. The Objections (Doc. 34) are OVERRULED;

2. The Magistrate Judge's Recommendation (Doc. 33) is ADOPTED;

3. The Motion to Compel (Doc. 18) is DENIED;

4. The November 6, 2025 Oral Argument is CANCELED.

DONE, on this the 30th day of October 2025.

                              R. AUSTIN HUFFAKER, JR.
                              UNITED STATES DISTRICT JUDGE